**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNIVA, INC.,<br><br>Debtor. | Chapter 11<br>Case No.: 17-10837<br><br>Adversary Proceeding<br>No.________________ |
| BILL LAM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNIVA, INC.,<br><br>Defendant. | **CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff Bill Lam ("Plaintiff") by and through undersigned counsel, on behalf of himself and all other similarly situated persons, as and for his complaint against Defendant, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason

benefits by reason of Defendant's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiff was an employee of the Debtor and was terminated as part of, or as a result of a plant closing ordered by the Defendant. As such, the Defendant violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendant at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

**PARTIES**

4. Upon information and belief, at all relevant times, Defendant Suniva, Inc. ("Suniva" or "Defendant") was a Delaware corporation which maintained facilities at 5775 Peachtree Industrial Blvd., Norcross, GA 30092 (the "Georgia Facility") and at 2650 Schust Rd, Saginaw, MI 48603 (the "Michigan Facility", collectively the "Facilities").

5. At all relevant times, Plaintiff was an employee who was employed by Defendant and worked at or reported to the Georgia Facility until his termination without cause on or about March 1, 2017 and thereafter.

6. On or about March 1, 2017 through March 31, 2017 and thereafter, Defendant ordered the termination of the Plaintiff's employment together with the termination of approximately 130 other employees who worked at or reported to the Georgia Facility as part of a plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

7. On or about March 1, 2017 through March 31, 2017 and thereafter, Defendant ordered the termination of approximately 67 employees who worked at or reported to

the Michigan Facility as part of a plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

8. At or about the time the Plaintiff was terminated, Defendant ordered the termination of approximately 198 other similarly situated employees who worked at or reported to the Facilities (the "Other Similarly Situated Employees")

**CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104**

9. The Plaintiff and each person he seeks to represent herein, were discharged on or about about March 1, 2017 through March 31, 2017 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

10. The Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about March 1, 2017 through March 31, 2017 and thereafter, who worked at or reported to the Facilities until their terminations.

11. On or about March 1, 2017 through March 31, 2017 and thereafter, Defendant terminated the Plaintiff's employment as part of a plant closing which qualifies as an event for which he was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

12. Defendant never gave Plaintiff the statutorily required sixty (60) days advance written notice of the plant closing or termination in violation of the WARN Act.

13. At or about the time that the Plaintiff was discharged on or about March 1, 2017 through March 31, 2017 and thereafter, Defendant discharged approximately 198 other employees at the Facilities (the "Other Similarly Situated Former Employees").

14. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

15. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

16. The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendant, without cause on their part.

16. The Plaintiff and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

17. Defendant was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

18. Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

19. Defendant failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after

the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

20. The Plaintiff asserts her claims on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

21. The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

22. Common questions of law and fact are applicable to all members of the Class.

23. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at or reported to the Facilities; Defendant terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

24. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The Plaintiff's claims are typical of the claims of other members of the

Class in that for each of the several acts described above.

26. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

27. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

28. The Class is so numerous as to render joinder of all members impracticable as there are approximately 198 persons who are included in the Class.

29. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

30. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. No litigation concerning the WARN Act rights of any Class member has been commenced in this bankruptcy.

32. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

33. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

34. On information and belief, a recent residence address of each of the Class

members is contained in the books and records of Defendant.

35. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of Defendant.

36. As a result of Defendant's violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## WARN ACT ALLEGATIONS

37. At all relevant times, the Defendant employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order plant closings at the Facilities.

39. On or about March 1, 2017 through March 31, 2017 and thereafter the

Defendant ordered a "plant closing" at the Facilities, as that term is defined by the WARN Act.

40. The plant closings at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

41. The Plaintiff and each of the other members of the Class were discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the plant closings ordered by the Defendant at the Facilities.

42. The Plaintiff and each of the other members of the Class are "affected employees" of the Defendant within the meaning of the WARN Act.

43. The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

44. The Defendant failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

45. The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendant as that term is defined in the WARN Act.

46. The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

47. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on his own behalf and on behalf of the other Class members demand judgment against Defendant as follows:

A. An allowed claim against the Defendant in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $12,745.00 of each Class member's allowed WARN Act claim against the Defendant is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B. Certification that the Plaintiff and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to him for his services as such;

E. An allowed administrative priority claim against the Defendant under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MARGOLIS EDELSTEIN

By: /s/ James E. Huggett
James E. Huggett (#3956)
300 Delaware Ave.
Suite 800
Wilmington, DE 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
210 S. Washington Avenue
Mobile, AL 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
Maurice & Jane Sugar Law Center for
Economic & Social Justice
4605 Cass Ave.
Detroit, Michigan 48201
(313) 993-4505

*Attorneys for Plaintiff*